FILED
CHARLOTTE, NC

MAR 2 6 2012

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DIANNE B. BOYTER | Pro Se | ) |
| DIRK E. BERGHMANS, | Pro Se | ) |
| | | ) |
| Plaintiffs, | | ) |
| | | ) |
| vs. | | ) |
| | | ) |
| | | ) |
| | | ) |
| BANK OF AMERICA CORPORATION; | | ) |
| BANK OF AMERICA HOME LOANS | | ) |
| SERVICING, LP; | | ) |
| SUCCESSORS IN INTEREST TO | | ) |
| COUNTRYWIDE FINANCIAL | | ) |
| JOHN AND JANE DOES 1- 10, | | ) |
| | | ) |
| Defendants. | | ) |
| | | ) |
| | | ) |
| | | ) |
| | | ) |
| | | ) |
| | | ) |
| | | ) |

CASE NO. 3:12cv189

VERIFIED COMPLAINT

ACTION FOR QUIET TITLE

PLAINTIFFS DEMAND
TRIAL BY JURY

JUDGE_____

---

COMES NOW, Plaintiffs Dianne B. Boyter and Dirk E. Berghmans, and hereby sue

the Defendants BANK OF AMERICA CORPORATION, BANK OF AMERICA HOME

LOANS SERVICING, L.P. and allege:

1.

1. This is an action to quiet title to real property owned by Dianne B. Boyter and Dirk E. Berghmans in fee simple and located at 5909 Four Wood Drive, Matthews, N.C. 28104 being all of Lot 129 of EMERALD LAKE, Phase 2, Section 4, as same is shown on a map thereof recorded in Plat Cabinet G, at File No. 684, in the Union County, North Carolina Public Registry. Together with improvements located thereon; said property being located at 5909 Four Wood Drive, Matthews, North Carolina.

2. Plaintiffs' title to the above described property is derived from the Warranty Deed from John Gryglewicz, recorded at 04268, Page 0740, instrument number 0037504 in the Union County, North Carolina Public Registry. A copy of said Warranty Deed is attached as "Exhibit A".

3. Plaintiffs are husband and wife over the age of majority and competent to bring this action. Plaintiffs reside at 5909 Four Wood Drive, Matthews, N.C. 28104.

4. Upon knowledge and belief, Bank of America Corporation is a national banking corporation that does business in the State of North Carolina, with its' principal place of business at 100 N. Tryon Street, Charlotte, N.C. 28255. In 2008, Bank of America Corporation, a global financial services company that is the parent of Bank of America, N.A. purchased Countrywide Financial Corporation and its' affiliates and subsidiaries, collectively "Countrywide".

2.

5.     Upon knowledge and belief, Bank of America Home Loans Servicing, LP
recently merged into Bank of America, N.A.   Prior to April, 2009, BAC did business
under the name of Countrywide Home Loan Servicing, LP.   Bank of
America, N.A., Countrywide and BAC are referred to collectively as
"Bank of America".

6.     John and Jane Does 1-10, unknown to Plaintiffs at this time, are
residents and citizens who, upon discovery, may have individually or in
concert conspired to deprive Plaintiffs of their property and liberties.

## JURISDICTION

7.     The court has subject matter jurisdiction over this action
pursuant to federal question under U.S.C. §§ 1331 – U.S.C.  § § 1332,
28 U.S.C.  §  § 1391 and 15 U.S.C.  §  § 1692.

## FACTS

8.     On or about August 17, 2006 Plaintiff's executed a note and deed of Trust
to Lender, Amerisouth Mortgage.   The note was endorsed to Wells Fargo Bank.
N.A. (Exhibit B).   The deed was recorded in Book 4268, Page 742 in the
Union County Land Registry.   The assignment of note to Wells Fargo
was never recorded.   The deed  named Mortgage Electronic Registration Systems
("MERS"), solely as Amerisouth Mortgage's nominee, as beneficiary under the Deed of
Trust.   The limited capacity and function of MERS was explained in the
Deed of Trust, as follows:

3.

> Borrower understands and agrees that MERS holds only
> legal title to the interests granted by Borrower in this
> Security Instrument, but, if necessary to comply with law
> or custom, MERS (as nominee for Lender and Lender's
> successors and assigns) has the right: to exercise any
> or all of those interests, including, but not limited to
> the right to foreclose and sell the Property; and to take
> any action required of Lender including, but not limited
> to, releasing and canceling this Security Instrument.

The Promissory Note signed by Plaintiff Boyter made no reference to MERS.

9.      MERS purported to assign the Note and deed of trust to

Countrywide Bank, N.A.   However, MERS did not own the Note , and its'

assignment of the deed of trust to Countrywide Bank, N.A., separate from

the Note was of no force or effect.

10.     More specifically on the subject of separation of the note from

the deed of trust, and the lack of ownership of the Note by Bank of America,

as successors to Countrywide, plaintiffs allege:

> MERS is not the payee of the Promissory Note and MERS
> never held the Promissory Note.  The Deed of Trust
> does not provide that MERS could transfer the
> Promissory Note; therefore the language in the assignment
> of the Deed of Trust purporting to transfer the Promissory
> Note is ineffective.  Simply being a beneficiary or having
> an assignment of the Deed of Trust is not enough to be
> entitled to foreclose on a Deed of Trust.  For there to be
> a valid assignment for the purposes of foreclosure both
> the Note and the Deed of Trust must be assigned together.
>
> An assignment of the Deed of Trust separate from the Note
> has no "force".  MERS never held the Promissory Note,
> thus its' assignment of the Deed of Trust to Countrywide/Bank
> of America separate from the Note had no force.  MERS
> had no separate agency contract with Countrywide/Bank of
> America regarding this loan.

4.

11.     Upon knowledge and belief, Bank of America and has no

evidence, either recorded or unrecorded, to validate standing to foreclose or collect

mortgage payments on said property.

12.     Defendant Bank of America has to be the holder of the Note and

Deed of Trust to foreclose and **MERS COULD NOT assign the note**

so Bank of America has no authority to foreclose.

13.     As the United States Supreme Court explained 140 years ago:

> **The note and mortgage are inseparable; the**
> **former as essential, the latter as an incident.**
> **An assignment of the note carries the**
> **mortgage with it, while an assignment of**
> **the latter alone, is a nullity.**

Carpenter v Longan, 83 U.S. 271, 274 (1872) (footnote omitted).

This basic proposition has often been reaffirmed.   See Baldwin v.

State of Mo. 281 U.S. 586 596 (1930) (Stone J.concurring);

National Live Stock Bank v. First Nat'l Bank[ 203 U.S. 296  306

(1906); Kirby Lumber Co. v. Williams, 230 F.2d 330, 336 (5th Cir.

1956); In re Veal, 450 B.R. 897, 916-17 (B.A.P. 9th Cir. 2011)

In re Vargas, 396 B.R. 511, 516 (Bankr. C.D. Cal. 2008); In re

Leisure Time Sports. Inc., 194 B.R. 859, 861 (B.A.P. 9th Cir.

1996); Bellistri v. Ocwen Loan Servicing. LLC, 284 S.W.3d 619,

623 (Mo. Ct. App. E.D. 2009).

14.     As the Missouri Court of Appeals so cogently explained in

Bellistri v. Ocwen Loan Servicing, LLC:  Generally a mortgage loan

5.

consists of a promissory note and security instrument, usually a mortgage

or deed of trust, which secures payment on the note by giving the lender

the ability to foreclose on the property.  Typically, the same person holds

both the note and the deed of trrust.   In the event that the note and the

deed of trust are split, the note, as a practical matter becomes unsecured.

(Third) of Property (Mortgages) 5.4. Comment.   The practical effect of

splitting the deed of trust from the promissory note is to make it impossible

for the holder of the note to foreclose, unless the holder of the deed of trust is

the agent of the holder of the note.   Without the agency relationship, the person

holding only the note lacks the power to foreclose in the event of default.

The person holding only the deed of trust will never experience default because

only the holder of the note is entitled to payment of the underlying obligation.

The mortgage loan became ineffectual when the note holder did not also

hold the deed of trust.

15.      284 S. W. 3d at 623 (citation omitted).  Also pertinent is the holding

of the bankruptcy court for the District of Idaho in In re Wilhelm that the

language of a deed of trust such as the one at issue in the instant action does not

give MERS authority to transfer the promissory note secured by the deed of

trust.  407 Br. 392, 404 (Bankr. D. Idaho 2009).


16.      If the holder of the Deed of Trust does not own or hold the note,  the

Deed of Trust serves no purpose, is impotent, and cannot be a vehicle

for depriving the grantor of the Deed of Trust of ownership of the property

6.

described. The whole purpose of the Deed of Trust is to secure payment of the Note. The very, and sole, of a foreclosure sale pursuant to the Deed of Trust is to obtain funds for payment of the Note. If the holder of the Deed of Trust does not own or hold the Note, and there were to be a foreclosure under the Deed of Trust, there is no assurance that the proceeds of the foreclosure would be used for the purpose intended by the Deed of Trust, i.e., to be applied as payment of, or on, the Note.

17. **MERS has been assigned the Deed of Trust and is holding it separate from the Note.**

18.. MERS is a tax evasion broker which has deprived local governments of essential funds by collecting fees otherwise necessary to properly record trust deeds and assignments of the same.

19. **Defendants securitized and sold Plaintiff's Promissory Note, separate from the Deed of Trust, in a bundle of securities included in Mortgage Pass-Through Certificate Series 2002-2006.**

20. Bank of America has absolutely no standing or legal claim to the aforemention note or deed as they are a nullity.

21. Bank of America has committed fraud upon the court and the public, by substituting the original trustee; with no legal authority or standing to do so.

22. Article 3 of the UCC defines the law of negotiable instruments, who has the right to enforce those instruments, and what must be proven

7.

to establish the right to enforce the note in a foreclosure action. Article 3 is codified in §§ 25-3-101 to 25-3-605 of the North Carolina General Statutes.

23.     Plaintiffs have sent numerous Certified Mails to Defendant Bank of America in the form of Qualified Written Requests, only to have those completely ignored or even more alarming, newly "altered" and manufactured assignments.

24.     One endorsement on a fictitious Allonge , never attached to the original Promissory note, is the rubber stamp of Laurie Meder and Michele Sjolander, known robo- signers, or in this case, robo-stampers. The deposition of Sjolander is in Plaintiff's possession.

25.     Plaintiffs have matched the rubber stamp endorsement of Meder/Sjolander with several other homeowner's, who are also experiencing the same recent document fraud. The Bank of America manufactured endorsements baring the rubber stamp of Meder and Sjolander are purporting to be as representatives of Countrywide Home Loans, a company out of business since 2008. The alleged signatures on the purported Allonge appeared sometime between March, 2011 and August, 2011 (See Exhibits C and D).

26.     The same endorsement has appeared mysteriously on the loan documents of hundreds, if not thousands, within the past months and during the current Attorney General's investigation of Bank of America. A sample of two match ups are attached as Exhibits E and F.

27.     On July 24, 2011, Plaintiff Boyter issued a formal Dispute of

8.

Debt letter pursuant to the Fair Debt Collections Practices Act

(15 USC 1692g) Section 809. The letter was sent by USPS

certified mail and received by Defendant Bank of America on

July 28, 2011 (See Exhibit G). In this letter Plaintiff requested, inter alia,

validation of the alleged debt and proof Bank of America has the authority to collect

upon the alleged debt. The final paragraph of Plaintiff's letter states as follows:

> **If your offices are able to provide the proper documentation**
> **as requested, I will require at least 30 days to investigate this**
> **information and during such time all collection activity**
> **must cease and desist.**
>
> **This letter acts as a self executing confession that you are**
> **acting out of good faith and willingly providing false**
> **misrepresentations under 15 U.S.C. 1692e. In the event**
> **of a future litigation, this letter will be used as an admission**
> **to the above facts.**

Defendants did not respond to the Debt Dispute letter.


28.     Register of Deeds for Guilford County, Jeff Thigpen, has sued

MERS and Bank of America Corporation alleging:

> **"Our office uncovered an abundance of falsified, forged,**
> **and fraudulently executed mortgage documents," said Thigpen. "But our**
> **investigation only found the tip of the iceberg. We need the banks to clean**
> **up their mess."**

29.     On April 13, 2011, the Federal Reserve Board announced formal

enforcement actions requiring Bank of America to address a pattern of

misconduct and negligence related to foreclosures. The Federal Reserve

9.

issued a Cease and Desist Order against Bank of America.

30.     Bank of America is one of five banks found guilty of foreclosure fraud by the 49 State Attorney General investigation.

31.     As a direct and proximate cause of Defendant's actions, the plaintiffs have suffered harm, including, but not limited to, the following:

     a.    A cloud upon the real property title;

     b.    Filing a false claim to real property;

     c.    The filing of a foreclosure on a mortgage for which they have no legal standing, or grounds to do so.

     d.    Failure to respond to Plaintiff's qualified written requests, as required by Federal Law.   Requests have been sent Certified Mail – Return Receipt Requested.   All letters have been received by Defendants, evidenced by the USPS returned signatures.

### First Cause of Action

32.     **Essentially, because the relevant notes were assigned to different parties while the relevant trust deeds were assigned to MERS, a split of the note and deed of trust has occurred and therefore, the latter is a nullity.**

33.     **The foregoing paragraphs are incorporated into this quiet title cause of action.**

10.

34.    Because the Amerisouth Mortgage deed of trust has been split from the note the former is a nullity and should be stricken from the chain of title.

## Prayer

Plaintiffs pray the Amerisouth Mortgage Deed of Trust be declared a nullity by this Court and in order noting the same recorded with the Union County North Carolina recorder's office and such other action as this Court deems just.

That Bank of America Corporation and John and Jane Does 1-10 be forever enjoined from foreclosing on subject property.

Respectfully submitted this 25th day of March, 2012.

Dianne B. Boyter
5909 Four Wood Drive
Matthews, N.C.  28104
(704) 650-4431

Dirk E. Berghmans
5909 Four Wood Drive
Matthews, N.C.  28104
(704) 400-2912

I certify that Dianne B. Boyter and Dirk E. Berghmans personally appeared before me this day, each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated:

Official Notary Signature

TAmmy A Stack
Notary Public printed name

My Commission expires:  MY COMMISSION EXPIRES AUGUST 24, 2012

11.



# NORTH CAROLINA GENERAL WARRANTY DEED

Revenue Stamps: $758.00
Tax Parcel Number: 08-312-253

THIS DEED made this **17**th day of **August, 2006** by and between

**John Gryglewicz (unmarried)**

parties of the first part, hereinafter referred to (whether one or more) as "Grantor"; and

**Dianne Boyter and husband, Dirk Berghmans**

**5909 Four Wood Drive**
**Matthews, North Carolina 28104**

parties of the second part, hereinafter referred to (whether one or more) as "Grantee";

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

W I T N E S S E T H :

That the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has bargained and sold, and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, all of that certain lot or parcel of land situated in **Goose Creek** Township, County of **Union**, State of North Carolina, and being more particularly described as follows:

    **BEING all of Lot 129 of EMERALD LAKE, Phase 2, Section 4, as same is shown on a map thereof recorded in Plat Cabinet G, at File No. 684, in the Union County Public Registry.**

DRAWN BY: Tony C. Johnson, Attorney at Law        MAIL TO: Grantee
               Post Office Box 23297
               Charlotte, North Carolina 28227-0272

*Exhibit A*

The property hereinabove described was acquired by Grantor by instruments recorded in **Book 3371 Page 227, Union County Public Registry.**

A map showing the above described property is recorded in **Plat Cabinet G, at File No. 684.**

TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the exceptions hereinafter stated.

Title to the property hereinabove described is subject to the following exceptions:

> **Any and all such valid and enforceable easements, conditions, reservations and restrictions as may appear of the public record; and the lien of ad valorem taxes for the current year which have been prorated between the parties.**

IN WITNESS WHEREOF, the Grantor has hereunto set his hand and seal, or if corporate, has caused this instrument to be signed in its corporate name by its duly authorized officers by authority of its Board of Directors, the day and year first above written.

_____(SEAL)
**John Gryglewicz**

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

I,_____, a Notary Public for said County and State, do hereby certify that **John Gryglewicz**, either being personally known to me or proven by satisfactory evidence (said evidence being drivers license), personally appeared before me this day and acknowledged the voluntary due execution of the foregoing instrument by him/her/them for the purposes stated therein.

WITNESS my hand and notarial seal, this 17th day of **August, 2006.**

Notary Public: _____
*Print or Type Name:* _____

(Official Seal)

My Commission Expires: _____

STATE OF NORTH CAROLINA, COUNTY OF UNION
The foregoing Certificate(s) of _____
is/are certified to be correct. This instrument and this certificate are duly registered at the date and time and in the Book and Page shown on the first page hereof. This _____ day of _____, _____.
_____REGISTER OF DEEDS FOR UNION COUNTY
By: _____ Deputy/Assistant - Register of Deeds

*Exhibit A*

COPY

## NOTICE OF ASSIGNMENT, SALE OR TRANSFER
## OF SERVICING RIGHTS

You are hereby notified* that the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from **AMERISOUTH MORTGAGE COMPANY**

to **WELLS FARGO BANK, N.A.**

_____, effective **OCTOBER 1, 2006**.

The assignment, sale or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before this effective date of transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after this effective date or at closing. In this case, the present servicer and the new servicer have combined all necessary information in this one notice.

Your present servicer is **AMERISOUTH MORTGAGE COMPANY**

If you have any questions relating to the transfer of servicing from your present servicer call our servicing department at **(704) 845-9400** between **8:30** a.m. and **5:00** p.m. on the following days: Monday through Friday. This is a toll-free call.

Your new servicer will be **WELLS FARGO BANK, N.A.**

The business address for your new servicer is: **P.O. BOX 10335, DES MOINES, IOWA 50306-0335**.
The toll-free or collect call telephone number of your new servicer is **(866) 234-8271**.
If you have any questions relating to the transfer of servicing to your new servicer call **CUSTOMER SERVICE** at **(866) 234-8271** between **9:00** a.m. and **5:00** p.m. on the following days: Monday through Friday.

The date that your present servicer will stop accepting payments from you is **OCTOBER 1, 2006**.
The date that your new servicer will start accepting payments from you is **OCTOBER 1, 2006**.
You should also be aware of the following information, which is set out in more detail in Section 6 of RESPA (12 U.S.C. §2605):

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. §2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgment within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 60-Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request.

A Business Day is any day, excluding legal public holidays (State or Federal), Saturday and Sunday.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

You will receive an introductory letter along with payment coupons from **WELLS FARGO BANK, N.A.** within the next few weeks.
If you do not receive this information, please call **WELLS FARGO BANK, N.A.**
Customer Service Department.
In order to assure the correct posting of your payments to WELLS FARGO BANK, N.A. @ P.O. BOX 17339, BALTIMORE, MARYLAND 21297-1339
please indicate the property address on your check or money order. Your payment was calculated as follows:

| | |
|---|---|
| PRINCIPAL AND INTEREST: | 1,966.55 |
| HAZARD INSURANCE | 43.58 |
| COUNTY PROPERTY TAX | 178.60 |
| | |
| TOTAL: | 2,188.73 |

*Exhibit B*

AMERISOUTH MORTGAGE COMPANY
_____
PRESENT SERVICER (Signature not required)   DATE

WELLS FARGO BANK, N.A.  (CORRESPONDENT)
_____
FUTURE SERVICER (Signature not required)   DATE


_____
Borrower  DIANNE BOYTER              Date

_____
Borrower                             Date


_____
Borrower                             Date

_____
Borrower                             Date


_____
Borrower                             Date

_____
Borrower                             Date


NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS (7/96)
Document Systems, Inc. (800) 649-1362                    Page 2 of 2

*Exhibit B*

the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)       _____ (Seal)
DIANNE BOYTER      -Borrower          -Borrower

_____ (Seal)       _____ (Seal)
         -Borrower          -Borrower

_____ (Seal)       _____ (Seal)
         -Borrower          -Borrower

PAY TO THE ORDER OF:
WELLS FARGO BANK, N.A., A NATIONAL ASSOCIATION, ORGANIZED UNDER
THE LAWS OF THE UNITED STATES OF AMERICA WITHOUT RECOURSE

AMERISOUTH MORTGAGE COMPANY, A NORTH CAROLINA CORPORATION

BY: _____

ITS: _____

*[Sign Original Only]*

CANCELLED

[AmeriSouth Mortgage Company — Corporate Seal — North Carolina]

MULTISTATE FIXED RATE NOTE--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3200 1/01

DocMagic eForms 800-649-1362
www.docmagic.com

Page 3 of 3

Exhibit B

The Law Firm of

# Hutchens, Senter & Britton, P.A.

*Attorneys & Counselors*

FAYETTEVILLE | WILMINGTON | CHARLOTTE

Natasha M. Barone
Attorney at Law
Phone: 910-864-6888
Fax: 910-864-6848
Email: natasha.barone@hsbfirm.com

4317 Ramsey Street
Fayetteville, NC 28311

Mail: P.O. Box 2505
Fayetteville, NC 28302

March 23, 2011

Case No. 1040263

Ms. Diane Boyter
5909 Four Wood Drive
Matthews, NC 28104

RE: Borrower: Dianne Boyter
    Loan Number: 131432402
    Property Address: 5909 Four Wood Drive, Matthews, NC 28104

Dear Ms. Boyter:

Our office has been retained by BAC Home Loans Servicing, LP ("BAC") to respond to your letter of February 25, 2011. In response to your requests, BAC has authorized me to forward to you the following documents.

1. Note with Allonge and Assignment;
2. Deed of Trust; and
3. Payment History.

The name of the original creditor was Amerisouth Mortgage Company, 2101 Sardis Road North, Suite 115, Charlotte, North Carolina 28227. In light of the enclosed information, I believe this should answer any questions you have concerning the validity of the debt. Please be advised that BAC has instructed our office to proceed with the foreclosure set for March 31, 2011 at 2:30 p.m.

Thank you.

Very truly yours,

*Natasha M. Barone*

Natasha M. Barone
Attorney At Law

NMB/jb

cc: BAC Home Loans Servicing, LP

MIN: 1000284-2006000378-3 **NOTE** $O\,7\,9\,9\,8\,5\,7\,2\,5\,4$

AUGUST 17, 2006         CHARLOTTE        NORTH CAROLINA
[Date]                [City]                 [State]

5909 FOUR WOOD DRIVE, MATTHEWS, NORTH CAROLINA 28104
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 303,200.00      (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is AMERISOUTH MORTGAGE COMPANY, A NORTH CAROLINA CORPORATION
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of     6.750 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on OCTOBER 1 2006 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on SEPTEMBER 1, 2036 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 2101 SARDIS ROAD NORTH, SUITE 115, CHARLOTTE, NORTH CAROLINA 28227
                         or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ 1,966.55

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit;

---

MULTISTATE FIXED RATE NOTE--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3200 1/01                    Page 1 of 3           *DocMagic eForms* 800-649-1362
                                                      www.docmagic.com

*Exhibit C*

and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of         15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be         4.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep

Case 3:12-cv-00189-RJC-DCK   Document 1   Filed 03/26/12   Page 19 of 30

Exhibit C

the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)　　　　_____ (Seal)
DIANNE BOYTER　　　　　　　　　　-Borrower　　　　　　　　　　　　　　　　　　　-Borrower

_____ (Seal)　　　　_____ (Seal)
　　　　　　　　　　　　　　　　　　-Borrower　　　　　　　　　　　　　　　　　　　-Borrower

_____ (Seal)　　　　_____ (Seal)
　　　　　　　　　　　　　　　　　　-Borrower　　　　　　　　　　　　　　　　　　　-Borrower

PAY TO THE ORDER OF:
WELLS FARGO BANK, N.A., A NATIONAL ASSOCIATION, ORGANIZED UNDER
THE LAWS OF THE UNITED STATES OF AMERICA WITHOUT RECOURSE

AMERISOUTH MORTGAGE COMPANY, A NORTH CAROLINA CORPORATION

BY: _____

ITS: _____

[Sign Original Only]

MULTISTATE FIXED RATE NOTE--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3200　1/01

Page 3 of 3

DocMagic EForms 800-649-1362
www.docmagic.com

Exhibit C



# ALLONGE TO PROMISSORY NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE FOLLOWING DESCRIBED NOTE, THIS ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE:

*This* 17th *day of* AUGUST, 2006

*Loan Number:* O749 857254

*Note Date:* AUGUST 17, 2006

*Original Loan Amount:* $303,200.00

*Borrower(s) Names(s):* DIANNE BOYTER
5909 Four Wood Drive
Matthews NC 28104

Pay to the order of
HSBC Mortgage Corporation (USA)
Without Recourse

AMERISOUTH MORTGAGE COMPANY
*(Correspondent Name)*

*Barbara Clark*
*(Signature)*

Barbara Clark
*(Type or Print Name)*

Asst. Secretary
*(Title)*

Pay to the order of,
Countrywide Bank, N.A. without recourse
HSBC MORTGAGE CORPORATION (USA)

By: _____
Nilda Feliz, Vice) President

ALLONGE TO PROMISSORY NOTE
CD 5089 12/01/00

DocMagic ℰ⟨⟩ℜⅿⅇⅆ 800-649-1362
www.docmagic.com

*Exhibit C*

*Exhibit A C b*

Atpn.hrb

The Law Firm of

# Hutchens, Senter & Britton, P.A.
*Attorneys & Counselors*

FAYETTEVILLE | WILMINGTON | CHARLOTTE

Natasha M. Barone
Attorney at Law
Phone: 910-864-6888
Fax: 910-864-6848
Email: natasha.barone@hsbfirm.com

4317 Ramsey Street
Fayetteville, NC 28311

Mail: P.O. Box 2505
Fayetteville, NC 28302

August 31, 2011

Case No. 1040263

Ms. Diane Boyter
5909 Four Wood Drive
Matthews, NC 28104

RE:  Borrower:  Dianne Boyter
      Loan Number:  131432402
      Property Address:  5909 Four Wood Drive, Matthews, NC 28104

Dear Ms. Boyter:

Our office has been retained by Bank of America, N.A. ("BANA") to respond to your letter of July 24, 2011.  In response to your requests, BANA has authorized me to forward to you the following documents.

1.  Payment History;
2.  Note;
3.  Allonge with Assignments; and
4.  Deed of Trust.

Your statement that the loan was securitized and the creditor has been paid in full is incorrect.  The loan in this matter has not been paid in full. In light of the enclosed information, I believe this should answer any questions you have concerning the validity of the debt. Please be advised that BANA has instructed our office to proceed with the foreclosure hearing set for October 20, 2011 at 2:00 p.m.

Very truly yours,

Natasha M. Barone
Attorney At Law

NMB/jb

Enclosures

cc:  Bank of America, N.A.

*Exhibit D*

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR. THE PURPOSE OF THIS COMMUNICATION IS TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE, except as stated below in the instance of bankruptcy protection. IF YOU ARE UNDER THE PROTECTION OF THE BANKRUPTCY COURT OR HAVE BEEN DISCHARGED AS A RESULT OF A BANKRUPTCY PROCEEDING, THIS NOTICE IS GIVEN TO YOU PURSUANT TO STATUTORY REQUIREMENT AND FOR INFORMATIONAL PURPOSES AND IS NOT INTENDED AS AN ATTEMPT TO COLLECT A DEBT OR AS AN ACT TO COLLECT, ASSESS, OR RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY

MIN: 1000284-2006000378-3      **NOTE**      0799857254

AUGUST 17, 2006                CHARLOTTE         NORTH CAROLINA
[Date]                         [City]            [State]

      5909 FOUR WOOD DRIVE, MATTHEWS, NORTH CAROLINA 28104
                          [Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 303,200.00      (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is AMERISOUTH MORTGAGE COMPANY, A NORTH CAROLINA CORPORATION
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      6.750 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

(A) **Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on   OCTOBER 1       ,
2006    . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on  SEPTEMBER 1, 2036      , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 2101 SARDIS ROAD NORTH, SUITE 115,
CHARLOTTE, NORTH CAROLINA 28227
                               or at a different place if required by the Note Holder.

(B) **Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ 1,966.55

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit;

---

*Exhibit D*

and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments
If the Note Holder has not received the full amount of any monthly payment by the end of       15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    4.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default
If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES
Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE
If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS
I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE
This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep

the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Dianne Boyter_ _____ (Seal)    _____ (Seal)
DIANNE BOYTER                -Borrower                                       -Borrower

_____ (Seal)    _____ (Seal)
                            -Borrower                                       -Borrower

_____ (Seal)    _____ (Seal)
                            -Borrower                                       -Borrower

PAY TO THE ORDER OF:
~~WELLS FARGO BANK, N.A., A NATIONAL ASSOCIATION, ORGANIZED UNDER~~
THE LAWS OF THE UNITED STATES OF AMERICA WITHOUT RECOURSE

AMERISOUTH MORTGAGE COMPANY, A NORTH CAROLINA CORPORATION

BY: _Jeni Leonero, avp_

ITS: _Jeni Leonero, avp_

*[CANCELLED stamp overlaid]*

*[AmeriSouth Mortgage Company CORPORATE SEAL NORTH CAROLINA stamp]*

[Sign Original Only]

MULTISTATE FIXED RATE NOTE--Single Family
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3200 1/01

Page 3 of 3

DocMagic *eForms* 800-649-1362
www.docmagic.com

_Exhibit D_

131432402  

# ALLONGE TO PROMISSORY NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE FOLLOWING DESCRIBED NOTE, THIS ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE:

*This* 17th *day of* AUGUST, 2006

*Loan Number:* 0749 857254

*Note Date:* AUGUST 17, 2006

*Original Loan Amount:* $303,200.00

*Borrower(s) Names(s):* DIANNE BOYTER

5909 Four Wood Drive
Matthews NC 28104

> Pay to the order of
> **HSBC Mortgage Corporation (USA)**
> Without Recourse
>
> AMERISOUTH MORTGAGE COMPANY
> *(Correspondent Name)*
>
> _Barbara Clark_
> *(Signature)*
>
> Barbara Clark
> *(Type or Print Name)*
>
> Asst. Secretary
> *(Title)*

[SEAL — AMERISOUTH MORTGAGE COMPANY, CORPORATE, NORTH CAROLINA]

Pay to the order of,
Countrywide Bank, N.A. without recourse
HSBC MORTGAGE CORPORATION (USA)

By: _Nilda Feliz_
Nilda Feliz, Vice President

ALLONGE TO PROMISSORY NOTE
CD 5069 12/01/00

DocMagic *eFcrms* 800-649-1362

610  131432402  ALL 001 001

Pay to the order of:

Countrywide Home Loans, Inc.

Without Recourse
Countrywide Bank, N.A.

By: _Laurie Meder_
Laurie Meder, SVP

Pay to the order of:

Without Recourse
Countrywide Home Loans, Inc.

By: _Michele Sjolander_
Michele Sjolander, EVP

Pay to the order of:

Countrywide Home Loans, Inc.

Without Recourse
Countrywide Bank, N.A.

By: [signature]
Laurie Meder, SVP

Pay to the order of:

______________________

Without Recourse
Countrywide Home Loans, Inc.

By: [signature]
Michele Sjolander, EVP

Exhibit E

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

## 11. DOCUMENTARY TAX

The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
RAMESH R. KADURU          -Borrower

_____ (Seal)
JULIE A. WEIGAND          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

Pay to the order of:          Pay to the order of:          [Sign Original Only]

Countrywide Home Loans, Inc.

Without Recourse              Without Recourse              PAY TO THE ORDER
Countrywide Bank, N.A.        Countrywide Home Loans, Inc.                    Countr...

By: _____          By: _____          WITHOUT RECOURSE
Laurie Meder, SVP            Michele Sjolander, EVP         PREFERRED HOME MORTGAGE COMPANY
                                                            BY: _____
                                                            MICHAEL PRENTY
                                                            VP CONTROLLER

Exhibit          F

Dianne Boyter
Dirk Berghmans
5909 Four Wood Drive
Matthews, N.C. 28104

July 24, 2011

Mr. Brian Moynihan        Certified Mail No. 70100290000262491537
Bank of America
100 N. Tryon Street
Charlotte, N.C. 28255-0001

Re: Bank of America  Account No. 131432402
    Property Address: 5909 Four Wood Drive
                      Matthews, N.C. 28104

Dear Mr. Moynihan:

### Dispute of Debt

Under the Fair Debt Collections Practices Act (15 USC 1692g) Section 809 (b) I am
hereby disputing and requesting validation of the following facts stated in the debt
servicing transfer notice dated June 29, 2011.

1) I am disputing the amount owed in its entirety. Please provide proof of the debt owed
and full accounting of how this amount was calculated.

2) It is my understanding and belief that the debt may have already been paid in full due
to the fact that my loan was securitized, converted into a stock resulting in the original
creditor being paid in full. Therefore, the debt has been satisfied.

3) Under the original Deed of Trust, the original lender is AmeriSouth Mortgage
Company.   There has been no valid assignment and chain of title from the original
lender to FNMA AA MSTR/SUB CW Bank, recorded in the county recorder's office as
required by North Carolina recording laws.   Therefore, I am disputing that FNMA AA
MSTR/SUB CW Bank is the actual owner of the obligation without further proof.

I am demanding that you provide proof of the chain of title from the original lender to
FNMA AA MSTR/SUB CW Bank through the production of a copy of a CURRENT
certified copy of my promissory note through named indorsements as governed under
UCC Article 3 § 3-205.

Please be advised that under the Massachusetts Supreme Court in re: U.S. Bank v. Ibanez
that a blank assignment is an unacceptable proof of assignment in the event of a
foreclosure/Trustee sale.  Please provide a written affidavit **under penalty of perjury**

**from someone who has first hand knowledge of the facts** that stipulate the following:

a) The debt is valid and no discharge has occurred on this debt.
b) No tax credit was received for the discharge (if any) of the debt.
c) The debt has not been paid in full when the loan was securitized.
d) That your company has authority to collect the debt on behalf of FNMA AA MSTR/SUB CW Bank.
e) The name, address, telephone number and Trust series of the original creditor.

Please also provide written proof from FNMA AA MSTR/SUB CW Bank that includes my loan number, the authority for Bank of America to collect the debt on their behalf. If you are unwilling or unable to provide proof and validation of the debt as I have requested within 30 days, then **you admit that the loan has been paid in full, and the debt has been discharged and nothing is owed on this loan.**

If your offices are able to provide the proper documentation as requested, I will require at least 30 days to investigate this information and during such time all collection activity must cease and desist.

This letter acts as a self executing confession that you are acting out of good faith and willingly providing false misrepresentations under 15 USC 1692e. In the event of a future litigation, this letter will be used as an admission to the above facts.

Regards,


Dianne Boyter

Cc: Bank of America, 400 National Way, Simi Valley, CA. 93065
Certified Mail No. 70100290000262491544
Substitute Trustee Services aka Hutchens, Senter & Britton
Certified Mail No. 70100290000262491551
N.C. Attorney Gen

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Brian Moynahan
Bank of America
100 N. Tryon St.
Charlotte, N.C. 28255-0001

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _M. Ich_                    ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
                                  JUL 2 8 2011

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7010 0290 0002 6249 1537

PS Form 3811, February 2004    Domestic Return Receipt    102595-0