

UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DIANNE B. BOYTER  Pro Se<br>DIRK E. BERGHMANS,  Pro Se | ) | CASE NO. 3:12CV189 |
| Plaintiffs, | ) | |
| vs. | ) | |
| BANK OF AMERICA CORPORATION;<br>BANK OF AMERICA HOME LOANS<br>SERVICING, LP;<br>SUCCESSORS IN INTEREST TO<br>COUNTRYWIDE FINANCIAL<br>JOHN AND JANE DOES 1-10, | ) | VERIFIED<br>RESPONSE AND OPPOSITION<br>TO DEFENDANTS<br>MOTION TO DISMISS |
| Defendants. | ) | JUDGE: ROBERT J. CONRAD, JR. |

**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Plaintiffs Dianne B. Boyter and Dirk E. Berghmans, and hereby files this RESPONSE pursuant to Defendants' Motion to Dismiss and Memorandum of Law filed 5/25/12.

### BACKGROUND

Plaintiffs filed a complaint with this Court on August 29, 2011 naming Bank of America, N.A., Bank of America Home Loans Servicing, LP (hereinafter collectively referred to as "Bank of America"), Substitute Trustee Services, Inc., and The Law Firm of Hutchens, Senter and Britton, P.A. as Defendants and bearing the file number 3:11-CV-412 (hereinafter referred to as "First Action"). The

1.

Summons and Complaint were NEVER served upon Defendants, so reference made herein to First Action by Defendants is gleaned solely from public record and moot.

Plaintiffs withdrew the First Action without prejudice to obtain further opinion on Bank of America's pattern of bad behavior, inter alia, Bank of America's compliance with Consent Order AA-EC-11-12 issued by the United States Federal Government, Department of the Treasury, Comptroller of the Currency issued 3/29/11, Consent Order United States of America Before The Board of Governors of the Federal Reserve System to Bank of America Corporation, Docket No. 11-029-B-HC, investigations by 50 of the U.S. Attorney Generals. and inclusion of Plaintiffs in an Independent Foreclosure Review under the Federal agencies' enforcement actions against Bank of America . A true and accurate copy of the Independent Foreclosure Review is marked **Exhibit G**, attached hereto and incorporated herein by reference.

Bank of America resumed foreclosure proceedings on Plaintiffs' home again on January 18, 2012, and served upon Plaintiffs, an Amended Notice of Hearing in the Foreclosure Proceeding to reflect that Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP was the new holder of the Note at issue in this action. Defendants included a true and accurate copy of the Amended Notice of Hearing marked as Exhibit A. Defendants did not include true and accurate copies of the Note (Marked as Exhibit C).

Plaintiffs filed a "Verified Complaint Action to Quiet Title" (hereinafter the "Complaint") on March 26, 2012 alleging, inter alia, Bank of America has caused a cloud to be placed upon plaintiffs' real property, Bank of America filed

2.

a false claim to Plaintiffs' property, Bank of America caused to be filed a foreclosure on a mortgage for which they have no legal standing, or grounds to do so, Bank of America failed to respond to Plaintiffs' qualified written requests and dispute of debt, pursuant to (15 USC 1692g) Section 809.

On March 25, 2012 Defendants filed Memorandum Of Law In Support of Defendants' Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b) (1) (4) and (6) and 9(b). Defendants served Plaintiffs by USPS, postmarked May 29, 2012.

## STANDARD OF REVIEW

When considering a motion to dismiss, the Court must accept as true all well-pleaded allegations in the complaint, and must liberally construe the complaint in a light most favorable to the plaintiff. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).

A motion to dismiss does not serve to question a plaintiff's well-pled facts, but rather tests the legal foundation of the plaintiff's claims. *See Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand L.L.P.*, 322 F.3d 147, 158 (2nd Cir. 2003). Thus, unlike a motion for summary judgment, a motion to dismiss should only be granted when it appears *without a doubt* that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (20020(emphasis added); see also *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

Indeed, the Fifth Circuit has cautioned that dismissal for failure to state a claim *is disfavored and will be appropriate only in rare circumstances. See Collins*, 224 F.3d at 498;

3.

*Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 926 (5th Cir. 1988) (emphasis added).

*The Defendant's Rule 12(b)(6) Motion Is Improper* As set forth above, Defendant's motion to dismiss for failure to state a claim upon which relief can be granted, cannot be used to resolve factual issues or the merits of the case. A motion to dismiss under Rule 12(b)(6) is not appropriate unless the plaintiff's pleadings on their face show, beyond doubt, that the plaintiff cannot prove any set of facts that would entitle the plaintiff to relief. *See Tuchman*, 14 F.3d at 1067. The Plaintiff's Original Complaint clearly contains enough facts that, if proven, would entitle Plaintiff to relief requested from a jury.

Similarly, the general rules of pleading established by F.R.C.P. Rule 8 requires Plaintiff's Original Complaint to contain a short, plain statement of the claim showing that the pleader is entitled to the relief sought and a demand the relief sought. *Id.* at F.R.C.P. 8(a)(2) and (3). The demand for relief may include alternative or different types.

Apparently disregarding this low pleading threshold general disfavor of a Motion to Dismiss, Defendants are asking the Court to ignore well settled causes of action and dismiss Plaintiff's claims. Defendants forward this Motion in spite of a detailed recitation of the facts supporting them. Furthermore, in support of its Motion Defendants directly (and improperly) challenges the Plaintiff's well pled facts.

The U.S. Supreme Court has explained that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *accord Atchison, Topeka & Santa Fe Ry. v. Buell, 480 U.S. 557, 568 n.15 (1987) (under Federal Rule 8, claimant has* "no duty to set out all of the relevant facts in his complaint"). "Specific facts are not

4.

necessary in a Complaint; instead, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"*Epos Tech.*, 636 F. Supp.2d 57, 63 (D.D.C. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

Accordingly, Defendants' Motion would be considered properly filed only "where a plaintiff's complaint is 'unintelligible (sic),' not where a complaint suffers *for 'lack of detail.'" Epos Tech., 636 F. Supp. 2d at 63 (citations omitted).*

## *ARGUMENT*

Bank of America is a national banking association incorporated under Federal law and governed by Federal statute. Bank of America is examined and governed by the U.S. Comptroller pursuant to the National Bank Act of 1864, as amended, 12 U.S.C. § 1 et seq.

Bank of America Corporation is registered with the N.C. Department of the Secretary of State with "foreign" citizenship. A true and accurate copy is marked as **Exhibit L**, attached hereto and incorporated herein by reference.

Pursuant to 28 U.S.C. § 1331, the district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

The Comptroller is "the appropriate Federal banking agency" regarding the Bank pursuant to 12 U.S.C. §§ 1813(q) and 1818(b). The United States District Court is therefore the appropriate venue.

Bank of America is currently operating under a Consent Cease and Desist Order issued on authority of United States of America, Department of the Treasury, Comptroller of The Currency (hereinafter "Consent Order"). In the enforcement actions, Bank of America, inter alia, was found to have engaged in a pattern of foreclosing on its clients, without following the minimal standards that are required under law. The United States found,

5.

inter alia, Bank of America failed to sufficiently oversee outside counsel and other third-party providers handling foreclosure-related services and Bank of America litigated foreclosure proceedings and non-judicial foreclosure proceedings without always ensuring that either the promissory note or the mortgage document were properly endorsed or assigned, and in the possession of the appropriate party at the appropriate time.

Plaintiffs' allege they are victims of Bank of America's continued pattern of abuse, and allege Bank of America is not complying with the enforcement actions as contained in the Consent Order.

Defendants argue that the charges of Fraud fail for various reasons, including a lack of specificity and a lack of damages, and that these charges should be dismissed.

With regard to specificity, Plaintiffs are in possession of written admissions from Bank of America and/or Bank of America's counsel Blank Rome LLP, stating emphatically, that Bank of America is not the note holder of Plaintiffs mortgage and not the creditor to whom payment is due. A true and accurate copy of one such letter from the Bank of America is attached herewith as **Exhibit H,** and incorporated herein by reference.

Yet, Bank of America continues to file representations to the Court, alleging they are the note holder. Exhibits A and B attached by Defendants' to the Motion To Dismiss dated May 25, 2012 serve as a prime example of Plaintiffs' complaint, in which Bank of America claims to be note holder of Plaintiffs' Note and Deed of Trust, when they are not. Plaintiffs argue, the only persons on this planet that believe Bank of America is the holder of Plaintiffs note and mortgage, is the author of The Motion To Dismiss dated May 25, 2012.

6.

Defendants include a copy of Plaintiffs' Deed of Trust (marked as Exhibit D) Number 24 of the Deed states "Lender may from time to time remove Trustee and 6. appoint a successor trustee to any Trustee appointed hereunder",

Bank of America, by its' own admissions, is not the creditor, not the holder of the note, not the lender. Bank of America therefore lacked authority or standing to substitute the trustee. Yet, knowingly and with willful disregard of the Consent Order, Bank of America authorized a substitution of trustee, placing a cloud on title to Plaintiffs' home.

Plaintiffs allege the Allonge attached to Plaintiffs' Note was "manufactured" sometime between March, 2011 and August, 2011. The fabricated Allonge is attached as Exhibit C, to Bank of America's Motion to Dismiss.

Defendants allege Plaintiffs' complaint is an impermissible collateral attack upon the Foreclosure Proceeding and therefore this action should be dismissed pursuant to Fed. R. Civ. P., Rule 12(b)(1). The filing of a substitute trustee by a Bank, that admittedly has no authority to do so, invalidates foreclosure. The documents placed within Plaintiffs' file are "moot", void, a nullity.

Defendants move for dismissal pursuant to Rule 4 of the Federal Rules of Civil Procedure alleging Plaintiffs failed to comply with the requirements of Rule 4.

    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; **OR**
    (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process

Upon information and belief, Bank of America Home Loans Servicing, Inc. is or was a wholly owned subsidiary of Bank of America Corporation. Plaintiffs

7.

served the Summons and Complaint upon Mr. Brian Moynihan, President of Bank of

America Corporation, a true and accurate copy of the signed USPS certified mail receipt

marked as **Exhibit M** is attached hereto and incorporated herein.

### *Conclusion.*

Since the Plaintiffs are appearing pro se, they ask that their complaint

be liberally construed and "held to a less stringent standards than formal pleadings

drafted by lawyers". Erickson v Pardus, 551 U.S. 89, 94 (2007), and as a

consequence, they be allowed to amend their Complaint to correct any deficiencies

in the Complaint as filed.

WHEREFORE, based upon the authorities, and for the reasons discussed above,

Plaintiffs respectfully prays that the Court to deny Defendants' Motion to Dismiss,

or alternatively, to afford leave to amend Plaintiff's pleading; and for all other relief,

whether in law or in equity, to which Plaintiff may be entitled.

Respectfully submitted this 13th day of June, 2012

_____  _____
Dianne B. Boyter                         Dirk E. Berghmans
5909 Four Wood Drive                5909 Four Wood Drive
Matthews, N.C. 28104               Matthews, N.C. 28104
(704) 650-4431                           (704) 400-2912
pariss@carolina.rr.com              dberghmans@carolina.rr.com


I certify that Dianne B. Boyter and Dirk E. Berghmans personally appeared before

me this __13__ day of __JUNE__, 2012, acknowledging that they voluntarily

signed the foregoing document for the purpose stated therein and in the capacity indicated:

_____         ANTONINA KLIMOVICH
Official Notary Signature                   Notary Public printed name

My commission expires: 26 MAY 2016

8.

## CERTIFICATE OF SERVICE

I, Dianne B. Boyter, certify that on June 13, 2012, I mailed the foregoing to the Clerk of Court USPS Certified Mail – Return Receipt Requested and further certify that the foregoing was served on the following, by depositing copies with the United States Postal Service in a postage prepaid envelope properly addressed as follows:

Office of the Clerk
United States District Court
Room 210, Charles R. Jonas Building
401 W. Trade Street
Charlotte, N.C. 28202
Certified Mail: 7011 2970 0003 7728 7072

Mr. Brian Moynihan
Bank of America Corporation
100 North Tryon Street
Charlotte, N.C. 28255-0001
Certified Mail 7011 2970 0003 7728 7096

Bank of America Home Loans Servicing, Inc.
100 North Tryon Street
Charlotte, N.C. 28255-0001
Certified Mail 7011 2970 0003 7728 7010

John and Jane Does 1-10
Identity and Address Unknown

The Law Firm of Hutchens, Senter, Kellam &
Pettit, P.A.
4317 Ramsey Street
Fayetteville, N.C. 28311
Certified Mail 7011 2970 0003 7728 7089

*Dianne B. Boyter* (signature)
Dianne B. Boyter
5909 Four Wood Drive
Matthews, N.C. 28104
(704) 650-4431
pariss@carolina.rr.com