IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-189-RJC-DCK

| | |
|---|---|
| DIANNE B. BOYTER and <br> DIRK E. BERGHMANS, <br>     Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORPORATION, <br> BANK OF AMERICA HOME LOANS, <br> SERVICING LP, and JOHN and JANE <br> DOES 1-10, <br><br>     Defendants. | **MEMORANDUM AND** <br> **RECOMMENDATION** <br> **AND ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Dismiss Pursuant To Fed. R.Civ.P. 12(b)(1)(4)(5) and (6) and 9(b)" (Document No. 12) and Plaintiffs' "Verified Motion To Show Authority To Represent" (Document No. 16). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motions, the record, and the applicable authority, the undersigned will respectfully recommend that the motion to dismiss be granted and the motion to show authority to represent be denied.

## I. BACKGROUND

Dianne B. Boyter and Dirk E. Berghmans ("Plaintiffs") filed this action against Bank of America Corporation, Bank of America Home Loans Servicing, LP, (together "Defendants") and John and Jane Does 1-10, on March 26, 2012. (Document No. 1). Plaintiffs' "Verified Complaint Action For Quiet Title" (Document No. 1) (the "Complaint") asserts that "[t]his is an action to quiet title to real property owned by Dianne B. Boyter and Dirk E. Berghmans in fee simple" in Matthews,

North Carolina. The relief sought by Plaintiffs is that "the American Mortgage Deed of Trust be declared a nullity by this Court and in order noting the same recorded with the Union County North Carolina recorder's office" and that Defendants "be forever enjoined from foreclosing on subject property." (Document No. 1, p.11). To date, Plaintiffs are appearing in this action *pro se*.

As previously noted by the Court, Plaintiffs served Defendants on May 4, 2012, and "Defendants' Motion To Dismiss..." (Document No. 12) was timely filed on May 25, 2012. (Document No. 24) (citing Document No. 7). Plaintiff's "Verified Response And Opposition To Defendant's Motion To Dismiss" (Document No. 18) was filed on June 14, 2012. "Defendant's Reply..." was filed on June 21, 2012. Plaintiffs filed an additional response, without leave of the Court, construed by the court as a "Sur-reply." (Document No. 21).

On June 8, 2012, Plaintiffs filed a "Verified Motion To Show Authority To Represent" (Document No. 16). Defendants' response was filed on June 21, 2012, and Plaintiffs filed a reply brief on July 10, 2012. As such, the pending motions are now ripe for review and a recommendation for disposition to the presiding district judge.

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant a Rule 12(b)(1) motion to dismiss "only if the

material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

### III. DISCUSSION

**A. Jurisdiction**

"Defendants' Motion To Dismiss..." asserts several grounds for dismissal of this action; however, the undersigned's memorandum will focus on this Court's jurisdiction. Federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1). These jurisdictional requirements are absolute, and no party may waive a jurisdictional defect. See Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 392 (1998). Furthermore, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010) (internal citations omitted). If necessary, the Court, upon noticing a potential defect, "must raise the matter on its own." Schacht, 524 U.S. at 389. "The burden of establishing federal jurisdiction lies on the party seeking to litigate in federal court." Gwyn v. Wal-Mart Stores, Inc., 955 F.Supp. 44, 45 (M.D.N.C. 1996) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).

**1. Federal Question**

Plaintiffs contend that this Court has "jurisdiction over this action pursuant to federal question." (Document No. 1, p.3). It appears that Plaintiffs believe there is a federal question pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). Id.

Plaintiffs assert that "[o]n or about August 17, 2006, Plaintiff's executed a note and deed of Trust to Lender, Amerisouth Mortgage." Id. Plaintiffs further assert that the note and deed of trust

were invalidly or improperly assigned to Countrywide Bank, N.A., and therefore Defendants lack ownership of the Note. (Document No. 1, p.4). The crux of Plaintiffs' action seems to be to prevent Defendants from foreclosing on their property. (Document No. 1). Plaintiffs allege that Defendants have no standing or authority to foreclose. (Document No. 1, pp.5, 9).

Although the Complaint leaves out any information about the underlying Foreclosure Proceeding, Defendants contend that Plaintiffs are "attempting to avoid the original jurisdiction granted to the Clerk of Superior Court of Union County by the North Carolina State Legislature by seeking immediate and direct review form this Court." (Document No. 14, pp.12-13). Defendants note that Substitute Trustee Services, Inc. ("STS") instituted an action bearing file number 11 SP 291 on or about February 16, 2011, with the Union County Clerk of Superior Court seeking to foreclose on behalf of then noteholder, BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP, pursuant to N.C.Gen.Stat. 45-21.16. (Document No. 13, p.2; Document No. 13-1). Prior to a hearing in the Foreclosure Proceeding, Plaintiffs filed a lawsuit with this Court, 3:11-cv-412-MOC, on August 29, 2011, which was voluntarily dismissed on December 27, 2011. (Document No. 13, p.2).

On January 18, 2012, STS served an "Amended Notice Of Hearing Prior To Foreclosure Of Deed Of Trust" in the Superior Court of Union County, North Carolina. Id.; see also, (Document No. 13-2). The "Amended Notice..." was filed to reflect that Bank of America, N.A. was successor by merger to BAC Home Loans Servicing, LP, the new holder of the Note at issue in this action. Prior to a hearing in the Foreclosure Proceeding in Union County, Plaintiffs filed the instant action with this Court seeking to "Quiet Title." (Document No. 13, pp.2-3; Document No. 1).

Foreclosure proceedings instituted by filing a notice of foreclosure instead of a complaint and summons are special proceedings. Phil Mechanic Construction Co. v. Haywood, 72 N.C. App.

4

318, 321 (1985). Foreclosure proceedings are held before the clerk of court in the county in which the real property is located. N.C.Gen.Stat. § 45-21.16(d). Once a Notice of Hearing is filed by the petitioner or petitioner's counsel, a hearing is held before the Clerk of Superior Court in order to determine whether the evidence presented by the petitioner satisfies the following elements:

> the existence of (i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, (iv) notice to those entitled under subsection (b), (v) that the underlying mortgage debt is not a home loan as defined in G.S. 45-101(1b), or if the loan is a home loan under G.S. 45-101(1b), that the pre foreclosure notice under G.S. 45-102 was provided in all material respects, and that the periods of time established by Article 11 of this Chapter have elapsed, and (vi) that the sale is not barred by G.S. 45-21.12A, then the Clerk shall authorize the mortgagee or trustee to proceed under the instrument.

N.C. Gen. Stat. § 45-21.16(d). The holder of the note is determined by applying the Uniform Commercial Code to the note to determine which entity has noteholder status at the time of the foreclosure. In re Adams, 204 N.C.App. 318, 322 (2010). Either the petitioner or the respondent has the right to appeal the Clerk of Superior Court's decision for de novo review before the Superior Court of North Carolina. N.C. Gen. Stat. § 45-21.16(d1). "In the event of an appeal, either party may demand that the matter be heard at the next succeeding term of the court to which the appeal is taken which convenes 10 or more days after the hearing before the clerk, and such hearing shall take precedence over the trial of other cases...." N.C. Gen. Stat.§ 45-21.16(e). Additionally, either party to the foreclosure proceeding would also have the right to appeal the Superior Court's decision to the North Carolina Court of Appeals.

"To succeed on his FDCPA claim, Plaintiff must allege: '(1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the

FDCPA." Davis v. Bowens, 2012 WL 2999766 at *2 (M.D.N.C. July 23 2012) (quoting Johnson v. BAC Home Loans Servicing, LP, 2011 WL 4544013, at *6 (E.D.N.C. Sept. 29, 2011)).

> The FDCPA defines a debt collector as "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a(6)(emphasis added).
> . . .
> Further, as this District has also previously recognized, "[i]t is well-settled that provisions of the FDCPA generally apply only to debt collectors ... [a]nd, creditors are not liable under the FDCPA." Scott v. Wells Fargo Home Mortg. Inc., 326 F.Supp.2d 709, 717 (E.D.Va. 2003). More specifically, "creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA" Id.; see also Warren v. Countrywide Home Loans, Inc., 342 Fed.Appx. 458 (11th Cir. 2009) ("several courts have held that an enforcer of a security interest, such as a mortgage company foreclosing on mortgages of real property falls outside the ambit of the FDCPA ...").

Ruggia v. Washington Mut., 719 F.Supp.2d 642, 647-648 (E.D.Va. 2010).

Although Plaintiffs mention in ¶¶ 23 and 27 that their purported "Qualified Written Requests and Debt Validation Requests" have not been responded to, Plaintiffs do not set forth facts to establish that they are entitled to relief under the FDCPA, nor do Plaintiffs seek or request relief for any such alleged violations in their prayer for relief or otherwise in the Complaint. (Document No. 1). Moreover, the documents attached to the Complaint as Exhibits C and D show that counsel for Bank of America did respond to Plaintiffs' request. (Document No. 1, pp.17, 22). Thus, it appears that no federal question is presented by these allegations. The remaining claims set forth in the Complaint also fail to state or allege any federal questions and, therefore, the Complaint should be dismissed.

   **2. Diversity**

Because the Complaint fails to allege any claims giving rise to federal question jurisdiction, in order for this Court to have jurisdiction, Plaintiffs must allege facts showing that diversity jurisdiction exists. Federal District Courts have jurisdiction over actions where the amount in controversy is at least $75,000.00 and where the action is between citizens of different states. 28 U.S.C. § 1332. A corporation is deemed a citizen of every State in which it has been incorporated and of every state in which it has a principal place of business. 28 U.S.C. § 1332(c)(1). In order for diversity jurisdiction to exist, there must be "complete diversity of citizenship," meaning that the "citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

As Plaintiffs allege in ¶ 4 of the Complaint, Bank of America Corporation has its principal place of business in Charlotte, North Carolina. (Document No. 1, p.2). Plaintiffs are citizens and residents of the State of North Carolina. Therefore, complete diversity of citizenship does not exist and this court does not have diversity jurisdiction. Moreover, Plaintiffs fail to allege any facts from which this Court could determine the amount in controversy. Plaintiffs do not seek any compensatory, special or punitive damages. Rather, Plaintiffs seek a declaratory judgment of this court declaring the Deed of Trust to be a nullity and permanently enjoining Bank of America from foreclosing upon Plaintiffs' property. Although the Court may be able to infer the amount in controversy based upon the outstanding balance of the Note secured by the Deed of Trust or the value of the subject property, Plaintiffs fail to provide any indication in the Complaint as to what that amount would be.

In short, the undersigned agrees with Defendants that Plaintiffs are attempting to avoid the original jurisdiction granted to the Clerk of Superior Court of Union County, North Carolina. It appears that the Union County court is the proper setting for a determination as to whether or not

these Defendants are noteholders, and/or entitled to foreclose on Plaintiffs' property. Moreover, Plaintiffs' response to the motion to dismiss (Document No. 18) fails to articulate persuasive arguments or authority refuting Defendants' assertion that subject matter jurisdiction is lacking. Because the Complaint presents no federal questions and because no basis for diversity jurisdiction exists, the undersigned will respectfully recommend that "Defendants' Motion To Dismiss..." be granted.

**B. Authority To Represent**

Also pending is Plaintiffs' "Verified Motion To Show Authority To Represent" (Document No. 16) filed June 8, 2012. Plaintiffs move the Court "to instruct Mrs. Barone and colleague Mr. Flowers to prove authority to represent Defendants." (Document No. 16, p.4). This motion is now fully briefed.

As noted by Defendants, there is a strong presumption that an attorney who enters an appearance has the power to represent the client. (Document No. 19, p.3) (citing Bethlehem Steel Corp. v. Devers, 389 F.2d 44, 45-46 (4th Cir. 1968)). The undersigned agrees that Plaintiffs have failed to show any evidence to rebut the presumption that Mr. Flowers and Mrs. Barone of Hutchens, Senter, Kellam & Pettit, P.A. represent Defendants in this action. Moreover, in light of the undersigned's recommendation herein, it is likely that the status of Defendants' counsel in this matter is moot.

## IV. RECOMMENDATION AND ORDER

**IT IS, THEREFORE, RECOMMENDED** that "Defendants' Motion To Dismiss Pursuant To Fed. R.Civ.P. 12(b)(1)(4)(5) and (6) and 9(b)" (Document No. 12) be **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' "Verified Motion To Show Authority To Represent" (Document No. 16) is **DENIED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED AND ORDERED**.

Signed: October 5, 2012

David C. Keesler
United States Magistrate Judge